Hinson v. Sparrow

---

SHIRLEY SMITH HINSON v. NORMAN EUGENE SPARROW

No. 748SC1047

(Filed 7 May 1975)

Damages § 16— instructions — peculiar susceptibility

    The trial court did not err in instructing the jury that the general rule is that if the defendant's act would not have resulted in any injury to an ordinary person, he is not liable for its harmful consequences to one of peculiar susceptibility except insofar as he was

on notice of the existence of such susceptibility, but if his conduct amounted to a breach of duty to a person of ordinary susceptibility he is liable for all damages suffered by plaintiff notwithstanding such damages were unusually extensive because of peculiar susceptibility.

APPEAL by plaintiff from *Rouse, Judge.* Judgment entered 6 September 1974. Heard in the Court of Appeals 20 February 1975.

Civil action to recover damages for personal injuries. Plaintiff alleged that she was injured as result of defendant's negligence in backing his automobile into plaintiff's parked car while defendant was attempting to manipulate his car out of the parking space immediately in front of plaintiff's car. A first trial ended in a directed verdict for defendant on the ground that the evidence taken in the light most favorable to the plaintiff failed to establish actionable negligence. On appeal, this court reversed. *Hinson v. Sparrow,* 21 N.C. App. 554, 204 S.E. 2d 925 (1974).

On retrial, plaintiff's evidence tended to show: On 2 April 1971 plaintiff was sitting on the passenger side of the front seat of her automobile which was lawfully parked on a street in Kinston. Defendant's car was parked directly in front of plaintiff's car. In attempting to leave his parking space, defendant backed his car into plaintiff's, denting her car's bumper and knocking its hood out of alignment. The force of the impact threw plaintiff around in the seat. Approximately an hour after the collision she experienced sharp pains in her back. An examination of plaintiff by a chiropractic physician disclosed a deteriorated spinal disc. In the opinion of this witness, the impact of the collision could have aggravated this deterioration. Similarly, in the opinion of an orthopedic surgeon who removed a ruptured disc from plaintiff's spine on 1 June 1971, the collision could have aggravated her condition.

Defendant's evidence tended to show that in backing his car to get out of his parking place, he moved only two to three feet and did not use the accelerator. He looked back before moving and then idled back until he made contact lightly with plaintiff's car. The only apparent damage to plaintiff's car was a scratch on the bumper. Plaintiff got out of her car unharmed, talked with defendant, and got down on her hands and knees to inspect the bumper.

---

Hinson v. Sparrow

---

Issues as to negligence and damages were submitted to the jury. The jury answered the issue of negligence in favor of the defendant, and from judgment on the verdict, plaintiff appealed.

*Turner & Harrison by Fred W. Harrison for plaintiff appellant.*

*Jeffress, Hodges, Morris & Rochelle P.A. by Thomas H. Morris for defendant appellee.*

PARKER, Judge.

Plaintiff's sole assignment of error is to the following portion of the trial court's charge to the jury:

"Now, when a person's negligent conduct proximately causes an injury to a person suffering from a disease or condition which is aggravated or made worse by the injury, he is liable for damages to the extent that his wrongful acts proximately and naturally aggravated the disease or condition.

"The general rule is if the defendant's act would not have resulted in any injury to an ordinary person, he is not liable for its harmful consequences to one of peculiar susceptibility except insofar as he was on notice of the existence of such susceptibility, but if his conduct amounted to a breach of duty to a person of ordinary susceptibility he is liable for all damages suffered by plaintiff notwithstanding the fact that these damages were unusually extensive because of peculiar susceptibility."

In his brief, plaintiff's counsel concedes that the foregoing instruction was intended by the court to be considered by the jury in passing on the issue of damages, an issue not reached in this case. He also concedes that the charge as given seems to be approved by the rule announced in *Lockwood v. McCaskill*, 262 N.C. 663, 138 S.E. 2d 541 (1964). He contends, nevertheless, that giving such a charge in this case resulted in prejudicial error such as to require a new trial. We do not agree.

Initially, we note that plaintiff apparently makes no objection to the first paragraph of the charge above quoted, but contends that error resulted because of the addition of the second paragraph. In this connection, we note that the second paragraph is taken almost verbatim from the opinion in *Lockwood v. McCaskill, supra.*

If it be conceded that the jury might have considered the second paragraph while passing on the negligence issue, yet we see no prejudicial error to the instruction given. Negligence is the failure to use due care under the circumstances. One of the circumstances in a particular case might be the known susceptibility to injury of a person to whom the duty of due care is owed. Obviously, in the exercise of due care one may not act toward a frail old lady in the same way one could act toward a robust young man. The duty owed, to exercise due care, is the same in each instance, but in fulfilling that duty the difference in circumstances requires a difference in conduct by the actor. 57 Am. Jur. 2d, Negligence, § 86, pp. 434, 435.

If, however, the conduct of the actor is such as to amount to a failure to exercise due care even toward a person of ordinary strength and quite apart from any peculiar susceptibilty to injury on the part of the person to whom the duty is owed, the actor may be held liable for aggravation of a preexisting condition of which he had no knowledge, *Potts v. Howser*, 274 N.C. 49, 161 S.E. 2d 737 (1968), or for unforeseeable consequences flowing from the peculiar susceptibility of the person injured, *Lockwood v. McCaskill*, *supra*. See, 22 Am. Jur. 2d, Damages, § 122, pp. 173, 174.

In effect what the court told the jury in the portion of the charge to which plaintiff now objects is that even though defendant may not have been on notice of any peculiar susceptibility to injury on the part of the plaintiff, if defendant's conduct was such as to amount to failure to exercise due care to a person of ordinary susceptibility, he would be liable for all damages suffered by plaintiff notwithstanding the fact that these damages were unusually extensive because of peculiar susceptibility on plaintiff's part. This instruction was favorable to plaintiff. We do not believe that the jury could have been misled, as plaintiff contends, into thinking that they could find negligence on the part of defendant only if they could first find that he was on notice of some peculiar susceptibility to injury on the part of plaintiff. When we consider the entire charge, we find it free from prejudicial error.

No error.

Judges HEDRICK and CLARK concur.